## SINGER MFG. CO. et al. v. AXELRUD et al.

District Court, S. D. New York.
July 26, 1939.

Gifford, Scull & Burgess, of New York City, for plaintiffs.

Bergner & Bergner, of New York City, for defendants.

CONGER, District Judge.

The plaintiffs here sued the defendants for unfair competition and infringement of registered trademarks. That case is at issue in this Court. In this proceeding plaintiffs ask for a temporary injunction against the defendants to restrain them from certain practices in connection with their business, part of which was the sale of sewing machines.

I am satisfied that defendants have endeavored by their action and manner of conducting their business to give to the public the idea that they were dealing in plaintiffs' product or were at least an authorized store handling plaintiffs' product with the consent and acquiescence of plaintiffs. It seems to me that they were attempting, in an unfair manner, to use plaintiffs' trademark, plaintiffs' name and reputation, and that their acts and conduct was such as to constitute unfair competition. Not only are the plaintiffs damaged but the public is misled. Defendants' store was in the neighborhood of one of plaintiffs' authorized stores. The signs on defendants' store "Singer Machines" are in large letters and predominate over any other sign. The name of no other sewing machine is mentioned on the sign except "Singer."

A large sign in the entrance bears this inscription: "Singer Latest Model Floor samples at 1/2 price." There is no serious contention that defendants did not have in their store any such article for sale but it does appear that the so-called "Singer Machines," "Latest Model" and/or "Floor samples" were purchased from a dealer and that the basis or foundation of such machines were old Singer machines and old models of Singer machines from which had been removed the old Singer trademark, name and distinctive insignia and decoration and were apparently reconditioned with new trademarks, new name and new distinctive insignia and decoration put on to simulate a new and late model of the Singer machine put out by the plaintiffs. These machines were offered for sale and sold by these defendants either as new machines (which they were not) or as machines of late models (which they were not) or as floor samples of late models (which they were not). An unsuspecting public might easily be fooled by this.

I have come to the conclusion that defendants were engaged in this sort of business; they were holding out to the public that they in some way were tied up with plaintiffs. No place on their store front did their business name appear—"S. P. S. Sewing Machine Company." Their sales slips, their notices, etc., are practically identical in form and wording with those of plaintiff, Singer Sewing Machine Company.

One of the defendants cashed or used two money orders made out by Mrs. Kouri to the order of "The Singer Sewing Machine Co." I am satisfied that Mrs. Kouri, when she purchased the machine from defendants, thought that she was purchasing a Singer machine of late model or at least a floor sample of latest model and that she was purchasing the same from some one connected with the plaintiffs. She was justified in this belief by the representations and conduct of defendants and/or their agents and salesmen. Certainly she did not expect to receive a machine the main part of which was at least twenty years old but which had been reburnished to look like a new machine or a very late model. There are several discrepancies between her affidavit and her deposition but I do not regard them as material or incapable of explanation. In the main, her story is corroborative and not contradicted satisfactorily.

I have looked thru the papers filed in opposition to find out just what defendants claim they really did sell her. The absence of an affidavit from defendant, Axelrud, and the salesman, Schacter, is significant.

The failure of the defendants to prosecute the action in Brooklyn is also significant. The charges made by Mr. and Mrs. Kouri were extremely serious. True, the amount involved was small, but the charges in the counterclaim were too serious to let go by default and to allow Mr. and Mrs. Kouri to take judgment thereon.

I realize that temporary injunctions should be issued with caution. I do not propose, neither do I think it necessary, in so far as these defendants are concerned, to pass on the question as to the right of one to recondition Singer sewing machines and to remove insignia therefrom and then replace it with new insignia and decoration and then to sell the machines as reconditioned "Singer Machines." I am satisfied that some injunctive relief should be granted, however.

Plaintiffs are entitled to an order enjoining the defendants, their agents, serv-

452

ants, attorneys, employees and all persons holding by or under them or in privity with them during the pendency of this suit from representing themselves, directly or indirectly, as being the plaintiffs, or either of them, or in any way connected therewith, or authorized to do business under plaintiffs' names or any names similar thereto, and from selling the so-called rebuilt Singer machines as new machines, or as machines of late model, or as floor samples of new machines.

Settle order on notice.